Carlos FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00242–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 1988.

Nickolas S. Barrera, Brian W. Wice, Houston, for appellant.

John B. Holmes, Dist. Atty., Don Clemmer, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, STEPHANOW and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a judgment forfeiting a criminal bond in the amount of $12,500 on a criminal appearance bond of $25,000.

We affirm.

The appellant's criminal appearance bond of $25,000 was forfeited by the trial court for appellant's non-appearance at trial on May 11, 1987. Appellant was recaptured and returned to Harris County, Texas, on August 28, 1987. Counsel for appellant filed a plea in bar seeking to absolve the surety of any liability on the forfeiture on the grounds that the appellant had been returned to custody. The trial court held a hearing on the plea in bar, denied it, and entered a final judgment.

Appellant's sole point of error alleges that the trial court erred in overruling the appellant's timely request for a remittitur under Tex.Code Crim.P.Ann. art. 22.16 (Vernon Supp.1988), and Tex.Rev.Civ.Stat. Ann. art. 2372p–3(13) (Vernon 1988).

Article 2372p–3, section 13 provides:

Sec. 13. (a) Prior to final judgment on any forfeiture of an appearance bond in a criminal case the attorney for the state may recommend to the court settlement for an amount less than that stated in the bond, or the court may upon its own motion approve such settlement.

(b) After a forfeiture, if the defendant is incarcerated within two years of a judgment nisi, the bondsman shall be entitled to a remittitur of at least 95 percent if he presents a sworn affidavit stating that the defendant was returned to custody, in part, as a result of money spent or information furnished by the bondsman. The remittitur shall be credited against an unpaid judgment or forfeiture or if the judgment has been paid, the treasurer shall refund at least 95 percent.

(c) The surety on appearance bonds in criminal cases shall be absolved of liability upon disposition of the case, and disposition as used herein shall mean a dismissal, acquittal, or finding of guilty on the charges made the basis of the bond.

Article 22.16 provides:

Art. 22.16. The Court may Remit.

If, before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond if the arrest or appearance is a direct result of money spent or information furnished by the surety or is because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers.

In *Williams v. State*, 707 S.W.2d 40 (Tex.Crim.App.1986), the Court of Criminal Appeals held that article 2372p–3 unconstitutionally interfered with the finality of judgments because subsections (b) and (c) of Section 13 provide for a mandatory remittitur *after* the judgment of forfeiture becomes final. Whether constitutional or not, however, article 2372p–3(13) does not apply to this case. *See Williams*, at 43. In this case, the appellant requested a remittitur prior to, and not after, the entry of final judgment.

By contrast, article 22.16 specifically grants the trial court the discretionary power to remit an amount of the bond "before final judgment."

Here, the appellant chose to rest his case upon the provisions of article 2372p–3(13), but did not argue the provisions of article 22.16, and has wholly failed to demonstrate that the ruling by the trial court was an abuse of its discretion under article 22.16.

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.